Harper, J.,
delivered the opinion o£ the Court.
This Court concurs in opinion with both the Chancellors, and affirms their respective decrees, except so far as the last decree orders the payment, by the defendants, John & Curtis Bolton, of the money secured by their bond to the clerk of the Court of Common Pleas.
There is no doubt, but that the complainant is intitled to the fund in the custody of the Court of Common Pleas, as well as to an as *369 signment of the bond ; and that upon a proper shewing, that Court will order them to be transferred. But the complainant’s equity is founded upon this ; that she cannot make her title to appear to that Court. She cannot establish her demand against Schatzell, inasmuch as she cannot make him a party before the Court. It is useless to say, that she might establish her demand, and shew a title to the fund, by producing to the Court a properly attested copy of her judgment in Kentucky. No demand can legally be established in this State, against any person, without affording him an opportunity to contest it; and that opportunity, in contemplation of law, can only be afforded by making him party to a suit. That opportunity afforded, the judgment of every competent tribunal within the State is equally valid. That the complainant could not make Schatzell a party, was her impediment in proceeding at law; and it is the business of the Court of Equity to remove such impediments. According to the opinion, in which we concur, he might be made a party in equity.
But it was argued, that, however it might be with respect to Schatzell, yet the Boltons were improperly made parties. The rule of equity is, that all persons who have an interest in the subject of .the suit, must be made parties ; and it seems to me, that the interest of the Boltons is sufficiently palpable. Certainly they have an interest in the question, whether the bond to the clerk of the Court shall be transferred to the complainant, so as to enable her to sue on it; and if the establishment of her demand against Schatzell is to lead to such transfer, they have an interest in respect to that. The bond was made payable on a contingency, and it is probable, that when it was executed, neither the parties, nor the Court, looked forward to its ever being enforced. Have they no interest in the question, whether it shall be put in a course of being enforced ? They have an interest in the bond, and it would be refining to say, that they have no interest in the question of the complainant’s recovery against Schatzell. It is true, that if the fund, and the bond in the hands of the clerk of the Court, had been subject to attachment, the complainant might have sued Schatzell alone, and recovered judgment against him ; and it would have been unnecessary to make the Boltons parties. As I have observed, however, the rules of law, and of equity, are different with respect to the proper parties to a suit; but even then it may be questioned, whether the Court of Law would have ordered a transfer of the bond, without affording the Boltons an opportunity to shew cause against it. Is not justice more completely done by making them parties in equity, *370 and affording them an opportunity to contest the complainant» whole claim? It seems to me, that the Boltons complain,, that an injury has not been done them. If the present suit had been against Schatzell alone, I have no doubt, but that on their application, the Boltons might have been admitted, as parties, to defend. Admitting the complainant’s claim against Schatzell & Company, they might have shewn other funds to satisfy it; in which case, the decree of the Court would have laid no foundation for an application to the Court of'Law, for this fund. I cannot declare, that they were unnecessarily, or improperly, made parties to this suit.
We do not think, however, that we can-decree the payment of the money, for the reasons I have before assigned. The Court of Equity cannot order the Court of Law to cancel the bond, or in-join it from enforcing, or transferring it ,• and cannot, therefore, by its decree, protect the defendants from being compelled to pay the amount over again. We can only establish the complainant’s demand against Schatzell.
It is therefore declared, adjudged, and decreed, that the absent defendant, John P. Schatzell, as survivor of the firm of John P. Schatzell <Sz Company, is justly indebted to the complainant to the amount of the judgment mentioned, and set forth in the proceedings, and that he pay the said amount accordingly. And it is ordered, that the decree of the Chancellor be modified in conformity to this decree.
Johnson, J., and O’Neall, J., concurred.

Decree modified.